UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81360-RUIZ/MAYNARD

**COMERICA BANK,**

 Plaintiff,

v.

**EVERGLADES DRESSAGE, LLC,** *et al.***,**

 Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

 **THIS CAUSE** is before me upon Plaintiff's Verified Motion for Attorneys' Fees and Costs ("Motion"), DE 166, which has been referred to me for appropriate disposition. DE 143. No response in opposition has been timely filed. Nonetheless, for the following reasons, I respectfully recommend that the Motion be **DENIED** as untimely under Local Rule 7.3(a)(1).

## BACKGROUND

 On August 20, 2020, Plaintiff commenced this case against Defendants Everglades, Dressage LLC ("Everglades"), Rosalie C. Peslar ("Ms. Peslar"), individually and as trustee of the Rosalie C. Peslar Trust, Dated September 4, 1994, as Amended and Restated (the "Trust") (collectively, Everglades, Ms. Peslar, and the Trust are "Defendants" and Ms. Peslar and the Trust are "Guarantors"). In the Complaint, Plaintiff sought the foreclosure of a commercial equestrian facility then-owned by Everglades and located at 3905 Gem Twist Court, Wellington, Florida 33414 ("Everglades Property"), as well as damages and the appointment of a Receiver. DE 1.

As set forth in the Complaint and later pleadings, in November 2019, Plaintiff learned that Defendants had stopped making required payments due under a series of relevant Loan Documents [1] governing the Everglades Property, including mortgage payments, applicable property taxes, flood and hazard insurance, and property maintenance. After suit was filed, as demonstrated in regular status reports, a primary focus of this action involved the Court's appointment of a Receiver to control, preserve, and sell the Everglades Property. DE 74; DE 76; DE 82; DE 95; DE 133. After the Everglades Property was sold, the Court terminated the receivership. DE 135.

Thereafter, on March 8, 2022, the Court issued an Omnibus Order granting Plaintiff "a deficiency judgment against the Guarantors in the amount of $658,678.22, plus applicable pre- and post-judgment interest, which amount reflects the balance of the loan—and the interest, fees, and costs incurred in connection therewith—but excludes the attorneys' fees and costs incurred by Plaintiff in this matter." ("Deficiency Judgment"). DE 143. Within the Deficiency Judgment, presiding U.S. District Judge Rodolfo A. Ruiz II directed the Clerk of Court to close the case and unequivocally retained jurisdiction "to determine entitlement and amount of attorneys' fees and other costs of collection as may arise during the enforcement of judgment against the debtors" and referred this matter to me for "ruling on all post-judgment matters pertaining to enforcement, collection, entitlement to fees and costs, and any post-judgment discovery." *Id.*

---

[1] The underlying Loan Documents consist of the June 11, 2015 mortgage and security agreement ("Mortgage") between Everglades and Plaintiff concerning the Everglades Property, the June 18, 2015 promissory note executed by Everglades and payment of which was secured by the Mortgage to Plaintiff ("Note"), the personal guaranty executed by Ms. Peslar, individually and as trustee of the Trust ("Guaranty of Loan Documents") and the June 22, 2018 and August 30, 2018 amendments to the Note ("Note Amendments"). Copies of these documents are attached to the Motion. DE 166-1 (Mortgage); DE 166-2 (Note); DE 166-3 (Guaranty of Loan Documents); and DE 166-3 (Note Amendments).

Over ten months later, on January 18, 2023, Plaintiff filed the instant Motion seeking a finding that Plaintiff is entitled to an award of attorneys' fees and costs in the total amount of $181,963.50. DE 166. This total amount consists of (1) $179,740.00 in fees for work performed by six attorneys and one paralegal; and (2) $2,223.50 in costs. In support, Plaintiff attaches the pertinent Loan Documents, a partially redacted single composite document setting forth amounts billed in this matter by timekeeper, a single page document with a line-item listing of the costs sought, and a sworn "Verification" by Plaintiff's Deputy General Counsel and Senior Vice President of Litigation and Corporate Operations. In the Motion, Plaintiff also seeks for the Court to reserve jurisdiction to award any additional fees and costs incurred in the recovery of its Deficiency Judgment. No response in opposition to the Motion has been timely filed.[2]

## ANALYSIS

Upon review, I find that the Motion is untimely under Local Rule 7.3(a)(1). Under squarely applicable prior legal authority, this alone justifies denying the Motion. The Motion also suffers from additional material deficiencies. Below, I will address these issues in turn.

A.   *The Motion is Untimely Under Local Rule 7.3(a)(1)*

Plaintiff's Motion expressly invokes Federal Rule of Civil Procedure 54(d)(2) and Local Rule 7.3. Rule 54 entitled "Judgment; Costs" allows a prevailing party to file a motion for fees and related nontaxable expenses and authorizes courts to establish special procedures for resolving fee-related issues. Fed. R. Civ. P. 54(d)(2). In turn, Southern District of Florida Local Rule 7.3 sets out detailed procedures that must be followed when filing motions for attorneys' fees and

---

[2] Defendants were previously represented by counsel. On March 3, 2022, shortly before the Deficiency Judgment was issued, defense counsel sought to withdraw from the case citing ethical concerns and sought an extension of time for Defendants to retain new counsel and file a response to Plaintiff's then pending motion for a deficiency judgment. DE 140. The Court granted the withdrawal, denied the requested extension of time, and noted that Defendants were not prevented from seeking new counsel and filing a motion for reconsideration. DE 141. Defendants never retained new counsel.

costs. Among other things, Local Rule 7.3(a)(1) requires that any motion for attorneys' fees and costs *shall* "be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings."

"Local Rule 7.3's requirements are not optional, but mandatory." *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-Civ-Martinez/Goodman, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) (citing *Norych v. Admiral Ins. Co.*, No. 08-60330-Civ-Altonaga/Brown, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)). "Many parties have attempted to skirt [Local] Rule 7.3's requirements in the past when seeking attorneys' fees, yet there is no exception . . . that allows parties to bypass their obligations." *Irish v. Reynolds*, 13-10063-Civ-King/Torres, 2018 WL 1863765, at *3 (S.D. Fla. Jan. 9, 2018), *report and recommendation adopted sub nom. Irish v. Hyde*, 2018 WL 1863747 (S.D. Fla. Feb. 9, 2018).

Notably, within the last two years, the Eleventh Circuit affirmed the denial of a party's motion for attorneys' fees and costs as untimely under Local Rule 7.3(a)(1). *Lira v. Essentia Ins. Co.*, 861 F. App'x 374, 375 (11th Cir. 2021). In *Lira*, an insurance coverage dispute, the District Court had issued an Order on July 23, 2019 expressly reserving jurisdiction to determine the amount of attorneys' fees and costs due to Plaintiff. *See Lira v. Essentia Ins. Co.*, No. 18-24140–Civ-Ruiz/Becerra, DE 63 (June 29, 2020). Plaintiff filed a motion requesting attorneys' fees and costs on October 8, 2019. *Id.* Under Local Rule 7.3(a)(1), the District Court found that the 60-day deadline for Plaintiff's motion was September 23, 2019, and the motion was thus denied as untimely. *Id.*[3] On appeal, the Eleventh Circuit affirmed finding no clear error of judgment made

---

[3] The District Court also adopted the Magistrate Judge's recommended denial of the motion on alternative grounds under Local Rule 7.3. On appeal, the Eleventh Circuit did not reach the alternate findings noting that "[b]ecause we hold that the District Court did not abuse its discretion in denying Mr. Lira's motion as untimely, we do not consider the alternative reasons given for denying Lira's motion." *Lira*, 861 F. App'x at 376 n.1 (11th Cir. 2021).

in denying Plaintiff's motion as untimely under Local Rule 7.3(a)(1). *Lira*, 861 F. App'x at 377-78.

Here, Plaintiff expressly invokes the Deficiency Judgment as giving rise to Plaintiff's claim for attorneys' fees and costs. This Deficiency Judgment was entered on March 8, 2022. Yet, the Motion was inexplicably filed on January 18, 2023, which was **316 days** (or 10 months and 10 days) after the Deficiency Judgment. Plaintiff offers no explanation or justification for this delay in filing. *Lira* is entirely on point and applies with equal force to the situation here. Similar to the Order in *Lira*, the Deficiency Judgment here expressly retained jurisdiction "to determine entitlement and amount of attorneys' fees and costs ..." DE 143. Similar to *Lira*, this Deficiency Judgment gave rise to Plaintiff's claim for attorney's fees and costs and "unequivocally triggered" Local Rule 7.3(a)(1)'s timing requirements. *See Lira*, 861 F. App'x at 376. The roughly ten-month delay in filing the Motion at issue here is far longer than the untimely motion at issue in *Lira*.

Plaintiff did not file any motions seeking an extension of time to move for fees and costs and does not otherwise explain why it could not file its Motion sooner. The Motion refers to attempts to confer with Defendants to try and reach a resolution on fees and costs. While such attempts are generally encouraged, they do not alone justify excusing the delayed filing or otherwise excuse Plaintiff from filing its Motion within the 60-day timeframe proscribed by local rule. Moreover, I note that Plaintiff's good faith certification indicates attempts to confer on six separate occasions around the time of the Deficiency Judgment—from May 25, 2022 through July 8, 2022—presumably to no avail. DE 166 at 8. Then, four months later, on December 2, 2022, Plaintiff's counsel claims to have provided a copy of the Motion via email to Ms. Peslar but received no response. *Id.* This delayed timeline of events does not coincide with the letter or spirit

of Local Rule 7.3's conferral and timing requirements. I thus recommend that the Motion be denied as untimely.

### B. Other Material Deficiencies

Even if the Motion were timely, it contains other material deficiencies. As the moving party, Plaintiff bears the burden of establishing that any claimed hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To satisfy this burden, Plaintiff must provide the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Id.* at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action.") (*citing ACLU v. Barnes,* 168 F.3d 423, 427, 432-33 (11th Cir. 1999)). Courts are generally not permitted "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428. In addition, "the matter is quite settled in this district that a moving party must provide supporting documentation to justify a cost award of any kind*." See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 13-20544-Civ-Moore/McAliley, 2020 WL 6808856 at *9 (S.D. Fla. Apr. 16, 2020), *report adopted*, 2020 WL 5757493 (S.D. Fla. Sept. 28, 2020).

Among other things, Local Rule 7.3 requires a fees motion to (1) provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought; the number of hours reasonably expended by each such timekeeper; a description of the tasks done during those hours; and the hourly rate(s) claimed for each timekeeper;" (2) include invoices to support the claimed

fees; and (3) be verified. S.D. Fla. L.R. 7.3(a)(5)-(7). Here, the Motion is verified and Plaintiff provides the identity, experience, qualifications, and hourly rates for the six attorneys and one paralegal who worked on this matter. Plaintiff attaches a 61-page single composite document with hundreds of line-item information, including each timekeeper's time spent and a description of each task performed. DE 166-5. In seeking to recover $179,740.00 in attorneys' fees, Plaintiff identifies the timekeepers who purportedly worked on this case for a combined total of 600.29 hours. *Id.* at 62. However, a cursory review of the time entries reveals potential duplication of effort among the multiple attorneys who worked on this case and/or time spent by attorneys on purely clerical or administrative tasks that should be excluded. *See generally Norman*, 836 F.2d at 1301-02 (11th Cir. 1988) ("[r]edundant hours generally occur where more than one attorney represents a client"); *Barnes*, 168 F.3d at 432 (to recover for the hours of multiple attorneys, a fee applicant bears the burden of demonstrating that the time spent reflects a distinct, rather than redundant, contribution of the billing attorney); *Winslow v. Indiheartandmind, Inc.,* 2022 WL 426513, at *4 (S.D. Fla. Feb. 11, 2022) (finding that counsel's time for filing various documents with the Court was non-compensable and citing, among other cases, *Thompson v. Branch Banking & Tr. Co.*, 2020 WL 7061558, at *3 (S.D. Fla. Nov. 10, 2020), *report and recommendation adopted*, 2020 WL 7059353 (S.D. Fla. Dec. 2, 2020), *appeal dismissed,* 2021 WL 1327212 (11th Cir. Feb. 5, 2021)).

I also find it unusual that the one experienced paralegal working on this case incurred a total of 1.16 hours while her attorney counterparts spent significantly more hours – performing some tasks that could be characterized as administrative or clerical. As just one example, litigation partner Allen Graham spent 1.1 hours charging $305 per hour on "multiple emails and downloads of documents from Comerica's secure system to ours." DE 166-5 at 2. In addition, I note

instances of same-day phone conferences and email exchanges involving multiple attorneys. While some overlap may be understandable, consistent overlap suggests possible redundancy. As the moving party, it is Plaintiff's burden to demonstrate the distinct contribution of each attorney. That has not been done here.

Moreover, in seeking costs, Plaintiff broadly claims to have "incurred $2,223.50 in costs relating to this action between July 2020 and present, which includes fees relating to service of process, mediation, and photocopying as detailed on the spreadsheet attached." DE 166 at 8. The Motion generically states that the "total in fees and costs incurred were reasonable and necessary to obtain the judgment in this action." *Id.* No additional detail about costs is provided in the Motion. There is no differentiation between taxable versus non-taxable expenses as contemplated under Local Rule 7.3. Moreover, upon review of the attached one page "spreadsheet," costs are not readily supported. Plaintiff's submission does not satisfy the basic requirement of clearly providing itemized costs *and corresponding invoices* showing the amount of costs incurred. *See Architectural Ingenieria*, 2020 WL 6808856 at *9.

## RECOMMENDATION

Plaintiff's Motion is inexplicably untimely under Local Rule 7.3(a)(1). On this ground alone, I respectfully recommend that the Motion be **DENIED**. In the alternative, the Motion is also subject to being denied based upon other material deficiencies and failures to strictly comply with applicable law.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodolfo A. Ruiz, II. Failure to file objections timely shall bar the parties from a de novo

determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

      **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 6th day of March, 2023.

                                                          SHANIEK M. MAYNARD
                                                          U.S. MAGISTRATE JUDGE