UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81360-RAR

**COMERICA BANK**,

    Plaintiff,

v.

**EVERGLADES DRESSAGE, LLC**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation ("Report"), [ECF No. 167], filed on March 6, 2023. The Report recommends that the Court deny Plaintiff's Verified Motion for Attorneys' Fees and Costs ("Motion"), [ECF No. 166]. Plaintiff timely filed objections to the Report ("Objections"), [ECF No. 170]. Having reviewed the Report, the Motion, the Objections, as well as conducted a *de novo* review of the record, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that the Report, [ECF No. 167], is hereby **AFFIRMED AND ADOPTED**, and the Motion, [ECF No. 166], is **DENIED**.

## ANALYSIS

The Report recites a thorough and accurate recitation of the relevant facts of this case and the Court adopts the recitation as if fully set forth herein. *See* Report at 1–3. Local Rule 7.3(a)(1) requires parties to file motions for attorneys' fees and costs "within sixty (60) days of the entry of the final judgment or order giving rise to the claim." As Magistrate Judge Maynard correctly stated in the Report, Plaintiff did not file the Motion until January 18, 2023, which was 316 days after the Court entered the Deficiency Judgment giving rise to Plaintiff's claim for fees and costs.

Report at 5. While Plaintiff argues "unusual circumstances" surrounding Plaintiff's attempt to recover its fees and costs without court intervention justify Plaintiff's untimeliness, *see generally* Objs., these "circumstances" do not excuse Plaintiff from Local Rule 7.3's requirements. *See Sriskada v. Harbor Pita, Inc.*, No. 14-20526, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) ("Local Rule 7.3's requirements are not optional, but mandatory. . . . A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion."). Therefore, the Motion must be denied.[1] *See also Lira v. Essentia Ins.*, 861 F. App'x 374, 378 (11th Cir. 2021) (affirming denial of motion for attorneys' fees and costs due to a failure to comply with Local Rule 7.3(a)(1)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Maynard's Report, [ECF No. 167], is hereby **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion, [ECF No. 166], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of March, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Report also recommends the Motion should be denied due to deficiencies in Plaintiff's Motion and supporting evidence, including potential duplication and redundancy of attorney work and insufficient support for the requested costs. *See* Report at 6–8. The Objections largely fail to address these deficiencies, arguing Plaintiff "laid out the extensive effort required on behalf of" Plaintiff and stating Plaintiff will provide "additional detail" or retain "an expert" to support its request for fees and costs if needed. Objs. at 3–4. While the failure to comply with Local Rule 7.3(a)(1) requires the Motion be denied, after *de novo* review the Court agrees with the Report as to this ground for denial as well. *See* Report at 6–8.