UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81360-RUIZ/MAYNARD

COMERICA BANK,

    Plaintiff,

v.

EVERGLADES DRESSAGE, LLC; et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON MOTION FOR CHARGING ORDER

**THIS CAUSE** is before me upon Plaintiff's Motion for Charging Order ("Motion"), DE 173, which has been referred to me for appropriate disposition. DE 143. No response in opposition has been timely filed. Upon consideration of the Motion, having reviewed the record, and being otherwise fully advised, I respectfully **RECOMMEND** that the Motion be **GRANTED** for the following reasons.

## BACKGROUND

On August 20, 2020, Plaintiff commenced this case against Defendants Everglades, Dressage LLC ("Everglades"), Rosalie C. Peslar ("Ms. Peslar"), individually and as trustee of the Rosalie C. Peslar Trust, Dated September 4, 1994, as Amended and Restated (the "Trust") (collectively, Everglades, Ms. Peslar, and the Trust are "Defendants" and Ms. Peslar and the Trust are "Guarantors"). In the Complaint, Plaintiff sought the foreclosure of a commercial equestrian facility then-owned by Everglades and located at 3905 Gem Twist Court,

Wellington, Florida 33414 ("Everglades Property"), as well as damages and the appointment of a Receiver.  DE 1.

As set forth in the Complaint and in later pleadings, in November 2019, Plaintiff learned that Defendants had stopped making required payments due under a series of relevant Loan Documents[1] governing the Everglades Property, including mortgage payments, applicable property taxes, flood and hazard insurance, and property maintenance.  After suit was filed, as demonstrated in regular status reports, a primary focus of this action involved the Court's appointment of a Receiver to control, preserve, and sell the Everglades Property.  DE 74; DE 76; DE 82; DE 95; DE 133.  After the Everglades Property was sold, the Court terminated the receivership.  DE 135.

Thereafter, on March 8, 2022, presiding U.S. District Judge Rodolfo A. Ruiz II issued an Omnibus Order granting a deficiency judgment in Plaintiff's favor and "against the Guarantors in the amount of $658,678.22, plus applicable pre- and post-judgment interest, which amount reflects the balance of the loan—and the interest, fees, and costs incurred in connection therewith—but excludes the attorneys' fees and costs incurred by Plaintiff in this matter." ("Deficiency Judgment").  DE 143.  Pursuant to the Deficiency Judgment, this case was closed and referred to me for "ruling on all post-judgment matters pertaining to enforcement, collection, entitlement to fees and costs, and any post-judgment discovery."  *Id.*

In the present Motion, Plaintiff represents that the outstanding final judgment remains

---

[1] The underlying Loan Documents consist of the June 11, 2015 mortgage and security agreement ("Mortgage") between Everglades and Plaintiff concerning the Everglades Property, the June 18, 2015 promissory note executed by Everglades and payment of which was secured by the Mortgage to Plaintiff ("Note"), the personal guaranty executed by Ms. Peslar, individually and as trustee of the Trust ("Guaranty of Loan Documents") and the June 22, 2018 and August 30, 2018 amendments to the Note ("Note Amendments"). Copies of these documents are attached to the Motion.  DE 166-1 (Mortgage); DE 166-2 (Note); DE 166-3 (Guaranty of Loan Documents); and DE 166-3 (Note Amendments).

unsatisfied. DE 173 ¶ 2. Thus, pursuant to Federal Rule of Civil Procedure 69 and Florida Statutes § 605.0503, Plaintiff moves for the entry of a Charging Order against 2828 Hurlingham Dr LLC ("Hurlingham LLC"), upon Plaintiff's contention that Ms. Peslar holds a membership interest in and is the sole member of this Florida limited liability company. *Id*. at ¶¶ 3, 4.

## DISCUSSION

Under Federal Rule of Civil Procedure 69:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Florida procedure in aid of execution thus governs this case. In turn, Florida's Revised Limited Liability Company Act, Fla. Stat. § 605.0101, *et seq*., governs a judgment creditor's execution on a judgment debtor's membership interest in an LLC. Under Fla. Stat. § 605.0503(1):

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

Fla. Stat. § 605.0503(1). Florida courts recognize that § 605.0503 "authorizes the court to enter a charging order against a judgment debtor's transferrable interest and requires an LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the

judgment debtor." *Kostoglou v. Fortuna*, 290 So. 3d 924, 925 (Fla. 4th DCA 2020) (collecting Florida appellate cases).

Further, § 605.0503(3) provides that a charging order is the sole and exclusive remedy by which a judgment creditor may satisfy a judgment from the judgment creditor's interest in a limited liability company, except in certain circumstances, including where a limited liability company has only one member:

> In the case of a limited liability company that has only one member, if a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the transferee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment within a reasonable time at any time after the entry of the judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.

Fla. Stat. § 605.0503(4).

According to records filed with the Florida Department of State's Division of Corporations (also known as Sunbiz[2]), Hurlingham LLC was organized on November 22, 2021, during the pendency of these proceedings, and Rosalie Peslar is listed as Hurlingham LLC's sole registered agent and Manager. DE 173 ¶ 3; DE 173-1. Also, during these proceedings, Ms. Peslar quit-claimed her residence located at 2828 Hurlingham Drive, Wellington, FL, 33414 to Hurlingham LLC. *See* DE 173 ¶ 7; DE 173-2; DE 173-3; DE 173-

---

[2] Sunbiz is an official online directory for companies operating within the state of Florida. It is managed by the Division of Corporations within Florida's Department of State. *See* https://dos.myflorida.com/sunbiz/ (last visited May 17, 2023).

4. Plaintiff asserts that Ms. Peslar is the sole member of Hurlingham LLC (DE 173 ¶ 4), and Ms. Peslar has not responded to dispute this allegation.

In light of the above evidence, there exists a factual basis for recommending the entry of a charging order. *See Living Tree Labs., LLC v. United Healthcare Servs., Inc.,* No. 16- CV-24680-Gayles/Louis, 2022 WL 17330953 (DE 352, 353) (S.D. Fla. Nov. 11, 2022) (granting unopposed motion for charging order that was supported by corporate registration documents from Sunbiz); *Strategic Mktg, Inc. v. Great Blue Heron Software*, No. 15-CV-80032-Bloom/Valle (DE 338) (S.D. Fla. Jan. 19, 2017) (same).

## RECOMMENDATION

Accordingly, I respectfully recommend that any and all distributions, transfers, amounts owed and/or payable to Rosalie C. Peslar individually, and/or as Trustee of the Rosalie C. Peslar Trust Dated September 4, 1994, by or on behalf of 2828 Hurlingham Dr LLC, shall be paid to Comerica Bank, c/o its counsel in this action, Julie Feigeles, Esq., Feigeles & Haimo LLP, 7900 Peters Road, Suite B-200, Fort Lauderdale, FL 33324. Further, I recommend that the Court reserve jurisdiction to foreclose on Ms. Peslar's interest in 2828 Hurlingham Dr LLC, pursuant to Florida Statutes § 605.0503(4), upon appropriate motion of Plaintiff Comerica Bank and in the event that distributions from Hurlingham Drive LLC, do not satisfy the Final Judgment within a reasonable amount of time.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodolfo A. Ruiz, II. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and

Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation**.

**DONE AND RECOMMENDED** in Chambers, in Fort Pierce, Florida, this 23rd day of May, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

Copies to:
Counsel of Record

Rosalie C. Peslar
2828 Hurlingham Drive
Wellington, FL 33414