UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81360-RAR

**COMERICA BANK**,

    Plaintiff,

v.

**EVERGLADES DRESSAGE, LLC**, *et al.*,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND ENTERING CHARGING ORDER

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation ("Report"), [ECF No. 174], filed on May 23, 2023. The Report recommends that the Court grant Plaintiff's Motion for Charging Order ("Motion"), [ECF No. 173]. Report at 1.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these

findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

To date, no objections have been received. Thus, the Court considers it appropriate to review the Report for clear error. Finding none after carefully reviewing the Motion, the Report, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 174], is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion, [ECF No. 173], is **GRANTED**.

3. A Charging Order is hereby entered against the membership interest of Defendant Rosalie C. Peslar, individually or as Trustee of the Rosalie C. Peslar Trust Dated September 4, 1994, in 2828 Hurlingham Dr LLC. Any and all distributions, transfers, and amounts owed and/or payable to Rosalie C. Peslar individually, and/or as Trustee of the Rosalie C. Peslar Trust Dated September 4, 1994, by or on behalf of 2828 Hurlingham Dr LLC, shall be paid to Comerica Bank, c/o its counsel in this action, Julie Feigeles, Esq., Feigeles & Haimo LLP, 7900 Peters Road, Suite B-200, Fort Lauderdale, Florida 33324.

4. The Court reserves jurisdiction to foreclose on Ms. Peslar's interest in 2828 Hurlingham Dr LLC upon appropriate motion of Plaintiff Comerica Bank in the event that the distributions from 2828 Hurlingham Dr LLC do not satisfy the Final Judgment within a reasonable amount of time.

**DONE AND ORDERED** in Miami, Florida, this 7th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**